IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Milton G.,[1] | ) Civil Action No.: 6:20-cv-3446-BHH |
|                 Plaintiff, | ) |
| v. | ) **ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | ) ) ) |
|                 Defendant. | ) |

This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Milton G.'s ("Plaintiff") claim for disability insurance benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed written objections to only one portion of the Report, and the Commissioner filed a reply to Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and affirms the Commissioner's final decision denying benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits on November 8, 2019, alleging that he became disabled to work on January 1, 2019. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"),which was held on July 23, 2020. On August 3, 2020, the ALJ issued a decision finding that Plaintiff was not under a disability as defined by the Social Security Act, as amended. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on September 29, 2020.

**STANDARDS OF REVIEW**

**I.     The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

2

recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

## I.     The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity during the period from his alleged onset date of January 1, 2019, through his date last insured of March 31, 2019.  Next, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, depression, anxiety, post-traumatic stress disorder, history of polysubstance abuse. The ALJ found that Plaintiff

4

does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff can perform light work as defined in 20 C.F.R. 303.1567(b), except that he: can occasionally climb ladders, ropes, or scaffolds; can frequently stoop, kneel, crouch, crawl, and climb ramps and stairs; can perform tasks consistent with a reasoning level of 2 or less as defined in the DOT in an environment requiring no more than occasional changes in work setting or duties; can occasionally interact with supervisors, co-workers, and the public; and will be off task for 5% of the workday, exclusive of regularly scheduled breaks. The ALJ found that Plaintiff is unable to perform any past relevant work, but that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, the ALJ found that Plaintiff has not been under a disability at any time from January 1, 2019, the alleged onset date, through March 31, 2019, the date last insured.

## II.    The Court's Review

In his initial brief in this action, Plaintiff includes the following statement of legal errors:

> I.    The RFC assessment formulated by the ALJ and posed to the vocational expert at step five of the sequential evaluation was not based on substantial evidence.
>
>    A.    The ALJ failed to build a logical and accurate bridge from the evidence of record to the RFC assessment.
>
>    B.    The ALJ failed to adequately account for [G.'s] moderate limitations in maintaining concentration, persistence, or pace in the RFC assessment.

5

>   II.   The ALJ failed to properly weigh the VA's 100% disability Rating Determination; or in the alternative, the ALJ failed to adequately consider the underlying medical evidence from the VA medical center that supported the 100% disability rating.

(ECF No. 20 at 5.)  Plaintiff's initial brief then specifically argues that the ALJ erred by: (1) failing to include a function-by-function analysis in the mental residual functional capacity; (2) failing to appropriately analyze opinion evidence from Sabrina D. O'Kennon, Ph.D.; (3) improperly discounting the plaintiff's testimony; and (4) failing to give substantial weight to the Veteran's Affairs ("VA") Rating Determination.  (*See* ECF No. 20.)

In his reply brief, Plaintiff also argues for the first time that the ALJ erred by relying on vocational expert ("VE") testimony because the identified jobs did not exist in significant numbers in the national economy, and that the ALJ did not have lawful authority to hear and decide Plaintiff's claim.  (*See* ECF No. 24.)

The Magistrate Judge thoroughly considered each of Plaintiff's arguments, first outlining the ALJ's RFC assessment and finding unavailing Plaintiff's argument that the ALJ's RFC assessment did not contain a function-by-function analysis of Plaintiff's mental impairments.  The Magistrate Judge also found the instant case distinguishable from *Mascio v. Colvin*, 780 F.3d 632, 635-38 (4th Cir. 2015), ultimately finding that the ALJ's decision here contained a detailed discussion of Plaintiff's mental impairments and their corresponding effect on Plaintiff's RFC.

Next, the Magistrate Judge found no error in the ALJ's consideration of Plaintiff's subjective complaints, noting that "the ALJ included a detailed analysis of Plaintiff's subjective complaints, a detailed summary of his medical treatment, and a detailed analysis of the limited treatment during the relevant period in finding that the plaintiff's subjective

complaints were not entirely consistent with the record evidence." (ECF No. 26 at 14.)

As to Plaintiff's contention that the ALJ failed to properly evaluate opinion evidence from Dr. O'Kennon as part of a Compensation and Pension exam ("C&P exam") for the VA, the Magistrate found no error, explaining that the matters identified by Plaintiff as "opinions" that he claims the ALJ ignored do not fall within the amended regulations' definition of "opinion," and further concluding that the ALJ appropriately explained his findings regarding the persuasiveness of Dr. O'Kennon's opinion, as required by the regulations. (*Id.* at 18.) In addition, the Magistrate Judge found Plaintiff's reliance on *Bird v. Comm'r*, 699 F.3d 337 (4th Cir. 2012), misplaced.

The Magistrate Judge also considered the issues that Plaintiff raised for the first time in his reply brief, finding no merit to Plaintiff's assertion that the ALJ's decision was constitutionally defective. As to Plaintiff's late-raised argument that the ALJ erred in finding that there are jobs that exist in significant numbers in the national economy, the Magistrate Judge found no merit to Plaintiff's reliance on the recent Supreme Court case of *Carr v. Saul*, 141 S.Ct. 1352, 1362 (2021), where the Court found that plaintiffs did not have to raise Appointments Clause challenges during administrative proceedings to preserve the issue in federal court. Instead, the Magistrate Judge found that Plaintiff effectively waived review of the claim because he failed to raise it in his initial brief before the district court, relying on *Shinaberry v. Saul*, 952 F.3d 115, (4th Cir. 2020). Even though the Magistrate Judge found that Plaintiff waived the issue, he also considered the merits of the issue out of an abundance of caution, ultimately finding that it was reasonable for the ALJ to rely on the VE's testimony in light of the VE's twenty years of professional experience. The Magistrate Judge also noted that Plaintiff failed to identify any law or regulation that

required the ALJ to inquire about the VE's sources. Ultimately, the Magistrate Judge found no error in the ALJ's reliance on the VE's testimony in support of the finding that there were a significant number of jobs in the national economy that Plaintiff could perform.

In his objections to the Magistrate Judge's Report, Plaintiff does not object to any of the Magistrate Judge's findings or recommendations except for the Magistrate Judge's merits analysis of Plaintiff's late-raised claim that the ALJ erred in relying on the VE's testimony in finding that there are a significant number of jobs in the national economy that Plaintiff could perform. More specifically, Plaintiff objects to the Magistrate Judge's reference cases regarding the number of jobs in the *regional* or *state* economy as opposed to the *national* economy. Importantly, however, nowhere does Plaintiff object to the Magistrate Judge's initial finding that Plaintiff waived this claim by failing to raise it in his initial brief.

After review, the Court finds no clear error in the portions of the Magistrate Judge's Report to which Plaintiff failed to object, and the Court affirms the Magistrate Judge's findings as to the four claims Plaintiff argued in his initial brief and his late-raised assertion that the ALJ's decision was constitutionally defective. As to Plaintiff's late-raised claim regarding the number of jobs that exist in the national economy, the Court also finds no clear error in the Magistrate Judge's finding that Plaintiff waived this claim by failing to raise it in his initial brief in accordance with *Shinaberry*. Additionally, the Court agrees with the Magistrate Judge that *Carr v. Saul* does not resurrect Plaintiff's late-raised claims because that case dealt with the issue of administrative exhaustion of a constitutional claim, which is not at issue here.

Because the Court agrees with the Magistrate Judge that Plaintiff waived his claim

regarding the number of jobs in the national economy (a finding Plaintiff does not specifically object to), the Court need not reach the merits of Plaintiff's objections. Nevertheless, the Court notes that even if it were to reach the merits of Plaintiff's objections, the Court would find them unavailing. Stated plainly, despite the Magistrate Judge's potential misplaced reliance on cases involving job numbers in the *regional* and *state* economies, as opposed to the *national* economy, the Court ultimately agrees with the Magistrate Judge's conclusion that it was reasonable for the ALJ to rely on the VE's testimony under the circumstances. As the Magistrate Judge noted, "a vocational expert's testimony may count as substantial data even when unaccompanied by supporting data." (ECF No. 26 at 23-24 (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1155 (2019).) Moreover, as the Magistrate Judge further noted, counsel for Plaintiff did not challenge the VE's credentials or job numbers data at the hearing, and there is no requirement that an ALJ inquire about the VE's specific sources. Additionally, in light of the VE's twenty years of professional experience, the Court agrees with the Magistrate Judge that it was entirely reasonable for the ALJ to rely on the VE's testimony to carry the burden at step five. In all, the Court finds no error in the ALJ's thorough analysis, and the Court agrees with the Magistrate Judge that all of Plaintiff's claims lack merit.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts Magistrate Judge's Report (ECF No. 26); the Court overrules Plaintiff's objections (ECF No. 27); and the Court affirms the Commissioner's final decision denying benefits.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 7, 2022
Charleston, South Carolina